Olan J. GUILBEAU, Sr., et al.

v.

W.W. HENRY COMPANY, et al.

Civ. A. No. 87–1750–L.

United States District Court,
W.D. Louisiana,
Lafayette Division.

June 10, 1994.

---

2. *Id.* at 1175.

Elwood Clement Stevens, Jr., Kleinpeter Schwartzberg & Stevens, P.L.C., Morgan City, LA, Charles K. Hutchens, Kent Mercier, Mercier & Duhon, Lafayette, LA, Benton Musslewhite, Elizabeth Burkhardt, David Crump, Houston, TX, for plaintiffs Olan J. Guilbeau, Sr. and Macklin Guilbeau.

Olan J. Guilbeau, Sr., pro se.

Gregory K. Moroux, Bradley J. Haight, Voorhies & Labbe, E. Gregory Voorhies, Lafayette, LA, for defendant W.W. Henry Co.

H. Lee Leonard, Donna R. Moliere, Leonard & Leonard, Lafayette, LA, for third-party defendant Champion Intern. Corp.

Bruce C. Kaye, Martin & Kaye, Houston, TX, for movant Mary Martin.

Gregory K. Moroux, E. Gregory Voorhies, Voorhies & Labbe, Lafayette, LA, for defendant Truck Ins. Exchange.

John Powers Wolff, III, Keogh Cox & Wilson, Baton Rouge, LA, for defendants Mobile Home Industries Inc. dba Clayton Homes, Housing by Tiffany Inc., a Div. of Housing by Vogue Inc.

Jeffrey Allan Rhoades, Davidson Meaux Sonnier McElligott & Swift, Lafayette, LA, for defendant CMH of Florida Inc. dba Luv Mobile Homes.

Vance A. Gibbs, Bradley C. Myers, Kean Miller Hawthorne Darmond McCowan & Jarman, Baton Rouge, LA, Brian F. Blackwell, Shreveport, LA, for defendant Georgia Pacific Corp.

Russ M. Herman, Morton H. Katz, Herman Herman Katz & Cotlar, New Orleans, LA, for defendant Weyerhaeuser Co.

James R. Nieset, Plauche' Smith & Nieset, Lake Charles, LA, for defendant Temple–Inland Forest Products Corp.

Jeffrey Allan Rhoades, Davidson Meaux Sonnier McElligott & Swift, Lafayette, LA, for defendant Clayton Homes Inc.

J. Warren Gardner, Jr., Christovich & Kearney, New Orleans, LA, for third-party defendant Liberty Mut. Ins. Co.

Arthur I. Robison, Allen & Gooch, Lafayette, LA, for third-party defendant Home Indem. Co.

Harry J. Philips, Jr., Taylor Porter Brooks & Phillips, Baton Rouge, LA, for third-party defendant Louisiana Pacific Corp.

John A. Jeansonne, Jr., Jeansonne & Briney, Lafayette, LA, for third-party defendant Borden Inc.

Keith Michael Borne, Rebecca Feeney Doherty, Sylvia S. Lowe, Onebane Donohoe Bernard Torian Diaz McNamara & Abell, Patrick J. Hanna, Rabalais Hanna & Hays, Lafayette, LA, for third-party defendant Salem Carpet Mills.

Elwood Clement Stevens, Jr., Kleinpeter Schwartzberg & Stevens, P.L.C., Morgan City, LA, for movant Kleinpeter Schwartzberg & Stevens.

Michael W. Adley, Judice Hill & Adley, Lafayette, LA, for intervenor-plaintiff Elwood C. Stevens.

## RULING

NAUMAN S. SCOTT, District Judge.

On March 1, 1994, pursuant to Fed. R.Civ.P. 24, we granted the Motion to Intervene filed by Elwood Stevens and the law firm of Kleinpeter, Schwartzberg & Stevens (intervenors) to protect their percentage of fees and reimbursement of litigation ex-

penses pursuant to their contingency fee contract with Olan and Macklyn Guilbeau on or about November 5, 1986. In the complaint of intervention, Olan J. Guilbeau, Sr. and Macklyn Guilbeau, plaintiffs in the main demand (Guilbeau) and their new attorney, Benton Musslewhite (Musslewhite) are made defendants in intervention. Pursuant to said contract, intervenor filed suit on behalf of Guilbeau on August 14, 1987 and continuously represented their interests from inception of the litigation until intervenor informed Mrs. Guilbeau by telephone on Tuesday, July 30, 1991 they could no longer represent the Guilbeaus "due to lack of resources and time." Over that period of time Elwood Stevens prepared, filed and argued numerous pleadings and motions, propounded and conducted written and oral discovery, traveled extensively, acquired voluminous medical records, researched scientific medical journals, and prepared and developed theories of legal liability and medical causation. Elwood Stevens contacted, retained, met with and prepared numerous expert witnesses and consultants across the country. He incurred considerable litigations expenses and through substantial labor and effort prepared the claim of Olan and Macklyn Guilbeau for trial.

After the employment contract was terminated by Elwood Stevens, Guilbeau was forced to seek new counsel and retained Kent Mercier, who was recognized by the court on December 5, 1991. By contract with Elwood Stevens, Mercier acquired Stevens' files on the Guilbeau suit.

On representations by Kent Mercier that he had lost the confidence of Guilbeau and was willing to turn over his files on this suit and aid any attorney who might apply to represent Guilbeau, the court allowed the withdrawal of Kent Mercier on August 3, 1993.

On October 5, 1993, the court held a conference with Benton Musslewhite and Macklyn Guilbeau setting down conditions under which the court would accept Benton Musslewhite as the new and last counsel that the court would accept to represent Guilbeau. Previous to that date, Mercier had turned over his files to Musslewhite so that he might determine whether he would accept the case.

By Order dated October 18, 1993, the court granted Musslewhite's Motion to represent the Guilbeaus and he has represented them from that time to date.

On the date that Elwood Stevens terminated the contingent fee contract, intervenors had expended $18,927.73 in litigation costs and then an additional $8,276.59 in guarantees "out of proceeds" of any settlement or judgment had been pledged to certain experts, doctors and others (these guarantees are subject to a credit for some partial subsequent payments). The contract between intervenors and Mercier is not in evidence and the court knows nothing of its content.

During the period prior to Stevens' termination of his contract with the Guilbeaus (July 30, 1991) and in December 1989, Stevens attempted to settle all the Guilbeau claims against W.W. Henry Company (glue) for $25,000.00, $17,000.00 of which was allocated to past and future litigation expenses and $8,000.00 in trust for Olan Guilbeau. Quite obviously Stevens felt that there was little chance of recovery against W.W. Henry Company and thereafter would train all his guns on the formaldehyde defendants. Stevens' chief expert witness, Dr. Callender, in his deposition taken December 17, 1992, testified that the effect of the formaldehyde organic solvents was acute, that is, temporary. This testimony forced Mercier to settle with all the formaldehyde defendants for the aggregate sum of $10,000.00. W.W. Henry became the sole remaining defendant.

At the end of the trial on February 8, 1994, the jury rendered a verdict awarding Olan J. Guilbeau two million dollars and Macklyn Guilbeau $900,000.00.

The intervenor filed no intervention at the time that it terminated its contract with the Guilbeaus. This is the customary and accepted method that attorney's protect their interest in the lawsuit such as this. It had not done so at the time that the jury's verdict was rendered. Intervenor did not file its motion to intervene until March 14, 1994, 34 days after the jury's verdict. Mercier has filed no intervention.

The defendants in intervention were certainly prejudiced by intervenors' failure to

file their intervention at the time that they terminated their services. If they had filed at the time that they terminated their contract, Musslewhite very probably would not have accepted this suit. Representation of the Guilbeaus had proved to be a very distasteful undertaking, especially after the formaldehyde defendants had been released. At the very least, Musslewhite would have had notice and an opportunity to protect the interest of himself and his clients by negotiating an agreement with intervenor. Under the existing circumstances these negotiations would have been very favorable to Musslewhite in order to induce him to accept the representation.

## CONCLUSION

We find that under the circumstances presented here the intervention was most untimely. However, Musslewhite had the use of the Stevens' file and Stevens had expended $18,927.73 in litigation costs and an additional $8,276.59 in guarantees or a total of $27,204.32. We award this amount on a quantum meruit basis.

## JUDGMENT

We have considered the intervention filed by Elwood Stevens and the law firm of Kleinpeter, Schwartzberg & Stevens and for written reasons this day assigned, it is

ORDERED that there be judgment in favor of intervenors Elwood Stevens and the law firm of Kleinpeter, Schwartzberg & Stevens and against defendants in intervention, Olan Guilbeau, Sr., Macklyn Guilbeau and Benton Musslewhite, in the sum of $27,204.32, each party to pay his own costs.